Stuart M. Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
T: (818) 205-2466
Stuart@pricelawgroup.com
*Attorney for Plaintiff,*
*Larraine De Leon*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| LARRAINE DE LEON,<br><br>Plaintiff,<br><br>vs.<br><br>ONEMAIN FINANCIAL GROUP, LLC,<br><br>Defendant. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. § 227<br><br>2. Cal Civ. Code § 1788<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Larraine De Leon (Plaintiff), through her attorneys, alleges the following against Defendant, OneMain Financial Group, LLC, (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of

automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Plaintiff resides in the State of California, and therefore, personal jurisdiction is established.

4. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in North Hills, Los Angeles County, California.

7. Plaintiff is a debtor as defined by *Cal. Civ. Code § 1788.2(h)*.

8. Defendant is a debt collector as that term is defined by *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a debt collector with its principal place of business located at 601 N. W. Second Street, Evansville, IN 47708.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

//

//

## FACTUAL ALLEGATIONS

11. Defendant was attempting to collect an alleged debt from Plaintiff.

12. On or about October 31, 2016, Defendant began placing calls to Plaintiff's cellular phone number (818) 929-0089, and work phone number (310) 479-7020), in an attempt to collect an alleged debt.

13. The calls mainly originated from (818) 340-9590; (888) 800-2527; (800) 742-5465; (812) 475-4001; and (770) 239-0719.  Upon information and belief, these numbers are owned or operated by Defendant.

14. On or about November 9, 2016, at 1:59 p.m., Plaintiff answered a call from Defendant, on her work phone, originating from (818) 340-9590; Plaintiff spoke with a Representative, Guadalupe.

15. Defendant informed Plaintiff that it was attempting to collect a debt.

16. During that call, Plaintiff asked for calls to her cease. Despite her request, Plaintiff continued to receive calls on her cellular phone and work phone.

17. On that same day, November 9, 2016, within minutes of Plaintiff having unequivocally revoked consent to be contacted, Plaintiff received an additional call from Defendant at 2:11 p.m.

18. Between November 10, 2016 and November 30, 2016, Defendant called Plaintiff almost every day after she requested the calls to stop. Plaintiff typically received between one (1) to three (3) calls per day to her cellular phone.

19. On or about November 30, 2016, at 8:41 a.m., Plaintiff answered a call from Defendant, on her cellular phone, originating from (818) 340-9590; Plaintiff spoke with a Representative, Guadalupe.

20. During that call, Plaintiff asked for calls to her cellular phone cease. Despite her request, Plaintiff continued to receive calls on her cellular phone and work phone.

21. On that same day, November 30, 2016, Plaintiff received two additional calls from Defendant at 8:43 a.m. and 2:02 p.m., after unequivocally revoking to be contacted any further.

22. On or about December 1, 2016, at 11:40 a.m., Defendant left Plaintiff a voicemail on her work phone.

23. On or about December 8, 2016, at 10:30 a.m., Plaintiff answered a call from Defendant, on her work phone, originating from (818) 340-9590 and spoke to a collections representative.

24. During that call, Plaintiff asked for calls to her cellular phone and work phone to cease. Despite her request, Plaintiff continued to receive calls on both her cellular phone and work phone.

25. On that same day, December 8, 2016, Plaintiff received two additional calls from Defendant at 10:52 a.m. and 5:52 p.m., after unequivocally revoking to be contacted any further.

COMPLAINT AND DEMAND FOR JURY TRIAL
- 4 -

26. On or about January 25, 2017, at 8:22 p.m., Plaintiff answered a call from Defendant, on her cellular phone, originating from (800) 742-5465 and spoke with a collections representative.

27. During that call, Plaintiff asked for calls to her cellular phone to cease. Despite her request, Plaintiff continued to receive calls on both her cellular phone.

28. Between October 31, 2016 and February 22, 2017 Defendant contacted Plaintiff's cellular telephone approximately one hundred and two (102) times after having unequivocally revoked consent to be contacted multiple times.

29. The conduct was not only willful, but was done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt.

30. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, emotional and mental pain and anguish.

31. Plaintiff is employed at an accounting firm and frequently meets or communicates with her clients; calls from Defendant routinely interrupt meetings.

32. Due to Defendant's incessant calls, to both her cellular phone and work phone, Plaintiff has had her clients become irritated or annoyed with the constant ringing.

33. Defendant's conduct induced stress, anxiety, and embarrassment in her place of work.

//

# COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

36. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant

COMPLAINT AND DEMAND FOR JURY TRIAL
- 6 -

knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

37. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

38. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b. Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

      i. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

//

//

      ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

      iii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

39. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

40. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Larraine De Leon, respectfully requests judgment be entered against Defendant, OneMain Financial Group, LLC, for the following:

    A. Declaratory judgment that Defendant violated the RFDCPA;

    B. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices act, Cal. Civ. Code §1788.30(b);

    C. Actual damages pursuant to Cal. Civ. Code §1788.30(b);

    D. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §1788.30(c);

    E. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

F.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G.  Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: February 28, 2017

By:*/s/ Stuart Price*
      Stuart M. Price, Esq.
      15760 Ventura Boulevard, Suite 800
      Encino, CA 91436
      T: (818) 205-2466
      Stuart@pricelawgroup.com
      *Attorneys for Plaintiff,*
      *Larraine De Leon*